1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL BURGESS,

               Plaintiffs,

    v.

GUITERREZ, *et al.*,

               Defendants.

Case No. 3:20-cv-00175-MMD-CLB

ORDER

11

Plaintiff is an incarcerated person who initiated this action *pro se.* (ECF No. 1-1.) On March 19, 2020, the Court issued an order directing Plaintiff to file a complaint and a completed application to proceed *in forma pauperis* or pay the full filing fee of $400 within 60 days from the date of that order. (ECF No. 3 at 2.) The 60-day period has now expired, and Plaintiff has not filed a complaint, an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with

///

1  court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming
2  dismissal for lack of prosecution and failure to comply with local rules).

3        In determining whether to dismiss an action for lack of prosecution, failure to obey
4  a court order, or failure to comply with local rules, the court must consider several factors:
5  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
6  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
7  disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See*
8  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;
9  *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

10       Here, the Court finds that the first two factors, the public's interest in expeditiously
11  resolving this litigation and the Court's interest in managing the docket, weigh in favor of
12  dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of
13  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
14  in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*
15  *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring
16  disposition of cases on their merits—is greatly outweighed by the factors in favor of
17  dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the
18  court's order will result in dismissal satisfies the "consideration of alternatives"
19  requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d
20  at 1424. The Court's order requiring Plaintiff to file a complaint and an application to
21  proceed *in forma pauperis* or pay the full filing fee within 60 days expressly stated: "IT IS
22  FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of
23  this action may result." (ECF No. 3 at 2). Thus, Plaintiff had adequate warning that
24  dismissal would result from his noncompliance with the Court's order to file a complaint
25  and an application to proceed *in forma pauperis* or pay the full filing fee within 60 days.

26       It is therefore ordered that this action is dismissed without prejudice based on
27  Plaintiff's failure to file a complaint and an application to proceed *in forma pauperis* or pay
28  the full filing fee in compliance with this Court's order, dated March 19, 2020.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 27th day of May 2020.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE